**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UKACHI O. MUNONYE,
Plaintiff-Appellant,

and

DENNIS SMITH,
Plaintiff,                                              No. 98-2702

v.

SODEXHO MARRIOTT SERVICES,
INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-97-2923-MJG)

Submitted: November 23, 1999

Decided: December 20, 1999

Before WIDENER, MURNAGHAN, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

R. Scott Oswald, NOTO & OSWALD, P.C., Washington, D.C., for
Appellant. Todd J. Horn, Robin B. Bowerfind, VENABLE, BAET-
JER & HOWARD, L.L.P., Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ukachi O. Munonye appeals from the district court's order granting summary judgment to his former employer and dismissing his employment discrimination complaint. We affirm.

Munonye first contends that the district court abused its discretion in not continuing the motion for summary judgment to permit Munonye to take an additional deposition. The party opposing the motion for summary judgment must submit an affidavit showing that it could not properly oppose the motion without conducting discovery. See Fed. R. Civ. P. 56(f). As we have often stated, "`[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirements of Rule 56(f).'" Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995) (quoting Hayes v. North State Law Enforcement Officers Ass'n, 10 F.3d 207, 215 (4th Cir. 1993)).

Munonye filed a memorandum in opposition to the motion for summary judgment that fully addressed the merits of the motion and did not suggest that Munonye needed any additional discovery. Munonye failed to move for a continuance or to submit an affidavit showing more discovery was needed or specifying what information he expected to obtain from the deposition. Munonye failed to comply with Rule 56(f) and, accordingly, the district court did not err in deciding the motion for summary judgment based on the materials filed with the court.

Munonye's second contention on appeal is that the district court abused its discretion in striking a portion of an affidavit submitted in opposition to the motion for summary judgment. Affidavits submitted to support or oppose a motion for summary judgment must "contain admissible evidence and be based on personal knowledge." Evans v.

2

Technologies Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996). Such affidavits cannot be conclusory. Id.

The affidavit submitted by Munonye provided no factual basis for the affiant's conclusory opinion as to the views held by a third person. The district court's determination that the portion of the affidavit was not based on personal knowledge was not clearly erroneous, and the court's decision to strike that portion of the affidavit was not an abuse of discretion.

We find no reversible error and affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3